**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1613
_____

TIMOTHY MCLAUGHLIN,
                                    Appellant

v.

THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 249; MARC
SCOTT; KATIE SCOTT; BYRON ROLAND; DON KRAUS; MICHAEL A. CEOFFE;
FRANK CONFORTI; JOSEPH ROSSI; CBS STUDIOS, INC.; TRISTAR PICTURES, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cv-00832)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 15, 2026

Before: SHWARTZ, MASCOTT, and McKEE, *Circuit Judges*

(Opinion filed: August 10, 2026)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Timothy McLaughlin appeals three District Court orders denying his claims that his blacklisting from work as a driver on movie and television productions violated the Labor-Management Reporting and Disclosure Act ("LMRDA"), National Labor Relations Act ("NLRA"), Age Discrimination in Employment Act ("ADEA"), and Pennsylvania Human Relations Act ("PHRA").[1]

McLaughlin's arguments on appeal rest on the assertions that (1) the International Brotherhood of Teamsters, Local 249 ("the Union") has some authority to dictate who the production companies hire for driver positions,[2] and (2) that his age compared to the average age of drivers selected suggests age-related animus. However, the record shows that the Union has no authority in the production companies' decision-making process and merely comparing McLaughlin's age to the *average* age of the selected drivers ignores the many qualified individuals, forty or older, who were chosen to fill those positions. Additionally, McLaughlin's arguments fail because his Amended Complaint

---

[1] McLaughlin's Amended Complaint contains twelve counts, the following nine of which are at issue in this appeal: Count I – LMRDA Retaliation (Against the Union); Count IV – ADEA Retaliation (Against CBS); Count V – ADEA Retaliation (Against TriStar); Count VI – ADEA Age Discrimination (Against TriStar); Count VII – ADEA Retaliation (Against the Union); Count VIII – ADEA Age Discrimination (Against the Union); Count IX – PHRA Retaliation (Against the Union); Count X – PHRA Age Discrimination (Against the Union); and Count XI – NLRA Breach of Duty of Fair Representation (Against the Union).

[2] The standard collective bargaining agreement between the Union and production companies provided that the producers retain "the sole and exclusive right to hire whoever they decide and to reject any member or applicant referred by the Union." *McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249*, No. 2:21-CV-832, 2024 WL 4827573, at *13 (W.D. Pa. Nov. 19, 2024). The Application for Referral, which McLaughlin completed for the Union to forward to production companies, states in boldface, capitalized font **"LOCAL 249 DOES NOT HAVE ANY RESPONSIBILITY FOR HIRING DECISIONS BY THE PRODUCER."** Appx. 1115 (emphasis in original).

lacks allegations supporting an inference of discriminatory or retaliatory conduct by the producers or the Union.

For the reasons that follow, we will affirm the District Court.[3]

## I.     CBS's Motion to Dismiss and TriStar's Motion to Dismiss in Part[4]

In dismissing McLaughlin's claims of ADEA age retaliation against CBS Studios Inc. and TriStar Pictures Inc., the District Court held that "McLaughlin failed to demonstrate a causal connection between his protected activity and [the producers'] failure to hire him as a movie driver for [their respective productions]."[5] We agree.

We apply *McDonnell Douglas Corp. v. Green*'s[6] burden-shifting framework where, as here, there is no direct evidence of retaliation.[7] Under this framework, "[a] prima facie case of illegal retaliation requires a showing of '(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction to review a final order of the District Court under 28 U.S.C. § 1291.
[4] We exercise plenary review over the District Court's dismissal of McLaughlin's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).
[5] *McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249*, 641 F. Supp. 3d 177, 208–10 (W.D. Pa. 2022). McLaughlin's claim of ADEA age discrimination against TriStar, discussed in Part II, survived the motion to dismiss. *Id.* at 211.
[6] 411 U.S. 792, 802–03 (1973).
[7] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015).

protected activity and the employer's adverse action.'"[8] McLaughlin did not sufficiently allege the third element, which requires that (1) "the temporal proximity between [his protected activity and the employers' adverse action is] unusually suggestive," or (2) "any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other evidence suggest[] that the employer had a retaliatory animus when taking the adverse action."[9] Two and three years passed between McLaughlin's latest protected activity and his failure to be hired by TriStar and CBS, respectively. While "there is no bright line rule as to what constitutes unduly suggestive temporal proximity," we have declined to find an inference of causation without additional evidence for gaps of far less time between a protected activity and adverse employment action.[10]

McLaughlin argues that "[b]ecause it determined that Roland[, CBS's agent who failed to hire McLaughlin on the CBS production,] could be liable for [his]

---

[8] *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015) (quoting *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567–68 (3d Cir. 2002)).

[9] *Daniels*, 776 F.3d at 196 (citation modified); McLaughlin sufficiently alleged the first two elements by pleading that CBS's and TriStar's respective agents knew that McLaughlin had complained and failed to hire McLaughlin as a movie driver. *See McLaughlin*, 641 F. Supp. at 207, 210 (concluding that McLaughlin "sufficiently pleaded that" (1) "Roland served as CBS's agent on *One Dollar* and that he acted within the scope of his employment when he hired, or failed to hire, movie drivers" and (2) "Kraus and Conforti were TriStar's agents/employees on the production of *A Beautiful Day* and, thus, that TriStar could be responsible for their failure to hire McLaughlin as a movie driver").

[10] *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) (rejecting a three-month gap); *see, e.g.*, *Daniels*, 776 F.3d at 198 (rejecting a ten-month gap); *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007) (rejecting a five-month gap), *overruled on other grounds by Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017).

4

discrimination claims," the District Court erred in dismissing his claims against CBS.[11]

McLaughlin argues that the Amended Complaint supported the inference that the CBS production *One Dollar* was Roland's first opportunity to retaliate against him.[12] However, drawing all reasonable inferences in favor of McLaughlin,[13] the allegations in the Amended Complaint show that Roland had other earlier opportunities to retaliate against McLaughlin before *One Dollar*.[14]

Thus, we will affirm the grant of dismissal regarding McLaughlin's ADEA retaliation claims against CBS and TriStar.

---

[11] Appellant's Opening Br. 52. Regarding McLaughlin's identical claim against TriStar's agents, he argues that "the legal issues overlap" and "incorporates his legal argument in support of reversing the District Court's dismissal of his [ADEA retaliation claim] against CBS" into his argument in support of reversing the District Court's dismissal of his ADEA retaliation claim against TriStar. Appellant's Opening Br. 56. However, he does not develop this argument against TriStar. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is . . . not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."). Even if we were to extend his argument regarding CBS's agent, Roland, to TriStar's agents, Kraus and Conforti, McLaughlin cannot make out a prima facie case.

[12] *See Katchur v. Thomas Jefferson Univ.*, 354 F. Supp. 3d 655, 670 (E.D. Pa. 2019) ("[A] court may infer a causal connection if the adverse action occurs at the defendant's first opportunity to retaliate.").

[13] S*ee In re Horizon Healthcare Servs., Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[14] *Katchur*, 354 F. Supp. 3d at 671 (rejecting plaintiff's "first opportunity to retaliate" argument where the complaint did not so allege). Furthermore, McLaughlin's first-opportunity argument also fails because he raised it for the first time in his opposition brief before the District Court, and we cannot consider an argument raised for the first time in a brief in opposition to a motion to dismiss when it is contradictory to the allegations in the complaint. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

## II.    TriStar's Summary Judgment Motion[15]

We also agree with the District Court's grant of summary judgment in favor of TriStar. The court concluded that McLaughlin did not establish a prima facie case of age discrimination and, even assuming arguendo that McLaughlin had established a prima facie case, McLaughlin failed to establish pretext to rebut TriStar's explanation for not hiring him.[16]

The ADEA provides that it is unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[17] "To succeed on an ADEA claim, a plaintiff must establish, by a

---

[15] "We exercise plenary review over the grant or denial of summary judgment and apply the same standard the district court should have applied." *Minarsky v. Susquehanna County*, 895 F.3d 303, 309 (3d Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law,'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), and "is genuine only if the evidence at issue could permit a reasonable jury to decide in favor of the nonmoving party." *Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 345 (3d Cir. 2022). When reviewing an order granting summary judgment, we view the evidence in the light most favorable to the nonmoving party. *Willis v. UPMC Child.'s Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).
[16] *McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249*, No. 2:21-CV-832, 2024 WL 6997398, at *5 (W.D. Pa. Nov. 20, 2024).
[17] 29 U.S.C. § 623(a)(1).

preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action."[18]

To establish a prima facie case of age discrimination McLaughlin must establish that: (1) he was forty years old or older; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) the action occurred under circumstances that support an inference of discrimination such as filling positions with significantly younger drivers.[19] After establishing a prima facie case of discrimination, the burden shifts to TriStar to offer a legitimate nondiscriminatory reason for its action.[20] If TriStar offers a nondiscriminatory justification for the adverse employment action, then the burden shifts back to McLaughlin to show that this reason was pretext for discrimination.[21]

The District Court correctly found that McLaughlin had not established the fourth element of a prima facie case of discrimination under *McDonnell Douglas*.[22] McLaughlin maintains that he was older than the average age of the drivers hired in the initial shoot and reshoot of the TriStar production for which he was not hired.[23] However, even if true, this does not establish an inference of age discrimination on this

---

[18] *Willis*, 808 F.3d at 644 (quoting *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 177–78 (2009)).

[19] *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).

[20] *See id.*

[21] *See id.*

[22] Because McLaughlin did not establish a prima facie case, we need not address whether McLaughlin also failed to establish pretext.

[23] Appellant's Reply Br. 20 ("To the contrary, McLaughlin (age 66 at the time) established that he was 13 years older (initial shoot) and 15 years older (reshoot) than the average age of the drivers hired.").

record. First, relying on the *average* age of the selected drivers says nothing about how many qualified individuals, forty or older, were chosen to fill those positions. In fact, the record shows that many of the hired drivers were forty or older, and thus that TriStar's agent simply chose to work with drivers he had previously worked with, irrespective of age:

> It [was] undisputed that Kraus had a group of predominately older men that he liked to work with, and that McLaughlin was not one of them. The overwhelming majority of drivers hired for *A Beautiful Day* were over the age of 50, and a number of hired drivers were over the age of 60.[24]

Additionally, this average age metric does not demonstrate that sufficiently younger individuals were discriminatorily favored. In fact, the cases McLaughlin proffers as support for his claims rely on individual comparisons, not age averages, in applying the "sufficiently younger" standard.[25] Because the record lacks individual comparisons, it does not support McLaughlin's claim of age discrimination against TriStar. Accordingly, we will affirm the grant of summary judgment regarding McLaughlin's ADEA discrimination claim against TriStar.

## III. The Union's Summary Judgment Motion

McLaughlin argues that the District Court erred when it granted summary judgment in favor of the Union. However, the District Court correctly found that "[n]o concrete evidence has been brought forth to viably dispute the existence of a

---

[24] *McLaughlin*, 2024 WL 6997398, at *6.
[25] *See Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir. 1999) (relying on individual comparisons); *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 699 (3d Cir. 1995) (same); *Sempier v. Johnson & Higgins,* 45 F.3d 724, 730 (3d Cir. 1995) (same); *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1214 (3d Cir. 1988) (same).

nonexclusive hiring hall."[26] Because the production companies, not the Union, control all access to employment, the District Court correctly held that while McLaughlin met his burden of establishing that he engaged in protected speech by publicly criticizing the Producer's Choice system, he failed to proffer evidence of retaliation by the Union.[27] The District Court also correctly concluded that "the Union ha[d] no obligation to [refer McLaughlin] given that it had to enact the Producer's Choice system after a [National Labor Relations Board] decision against it finding that a Union official violated federal labor law by recommending certain individuals be hired on productions."[28] McLaughlin's LMRDA retaliation and NLRA breach of duty of fair representation claims against the Union on appeal necessarily fail as a result.[29]

Likewise, because the Union was not responsible for the production companies' hiring decisions, the District Court correctly granted summary judgment for it on McLaughlin's ADEA age discrimination and retaliation claims for lack of an adverse

---

[26] *McLaughlin*, 2024 WL 4827573, at *13.

[27] In his deposition testimony, McLaughlin admitted that he had read the disclaimer on his Application for Referral, which stated in boldface, capitalized font that the Union bore no responsibility for the hiring decisions made by producers. *See* Appx. 295, 1115.

[28] *McLaughlin*, 2024 WL 4827573, at *8.

[29] McLaughlin has failed to adduce evidence from which a reasonable jury could find retaliation under the LMRDA, *see Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Loc. 142*, 269 F.3d 1042, 1058 (9th Cir. 2001) (citing *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 354 (1989)), and his NLRA breach of the duty of fair representation claim fails because "[i]t is a fundamental axiom of federal labor law that" the duty of fair representation derives from "a union's status as the exclusive bargaining representative of an employee," *Riley v. Letter Carriers Loc. No. 380*, 668 F.2d 224, 228 (3d Cir. 1981), and the Union was not McLaughlin's exclusive bargaining representative with respect to driving jobs under Producer's Choice.

9

action.[30] His PHRA age discrimination and retaliation claims against the Union fail for the same reason.[31]

## IV.    Conclusion

For the foregoing reasons, we will affirm the District Court's Orders granting (1) CBS's Motion to Dismiss and TriStar's Motion to Dismiss in part, (2) summary judgment in favor of TriStar, and (3) summary judgment in favor of the Union.

---

[30] *See Burton*, 707 F.3d at 426; *Daniels*, 776 F.3d at 193.
[31] *See Burton*, 707 F.3d at 432 (elements of age discrimination are same under ADEA and PHRA); *Daniels*, 776 F.3d at 192 (elements of retaliation are same under ADEA and PHRA).